No. 92-108

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

ANNE ECCLESTON LANDERS,
now known as ANNE ECCLESTON,

Petitioner and Appellant,

and

PATRICK RILEY LANDERS,

Respondent and Respondent.

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brenda Riley Cole, Swandal, Douglass, Frazier &
Cole, Livingston, Montana

For Respondent:

· Karl Knuchel, Attorney at Law, Livingston, Montana

FILED

AUG 6 - 1992

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:  June 4, 1992

Decided:  August 6, 1992

Justice Terry N. Trieweiler delivered the opinion of the Court.

On August 24, 1990, Anne Eccleston Landers petitioned the Sixth Judicial District Court in Park County for legal separation from Respondent, Patrick Riley Landers. On January 10, 1992, the District Court dissolved the marriage and entered its final decree. From that judgment, Anne appeals. We affirm in part, reverse in part, and remand for further proceedings.

This appeal raises two issues.

1. Did the District Court abuse its discretion when it modified the inheritance provision of an oral separation agreement?

2. Was there a factual basis for the District Court's evaluation of the husband's estate?

In its Findings of Fact, the Court found that the parties stipulated in open court that Patrick "will designate the parties' children as beneficiaries of one-half of his estate held at the time of his death." All stipulations except this one were adopted by the court. The court modified this stipulation by finding that:

> 8. [T]he father's obligation to leave at least one-half of his estate to said children should be limited to one-half of his present net estate and not one-half of everything he acquires in the future. The court finds one-half of respondent's present net worth as about $75,000.00, so that he should be required to leave only a minimum of $25,000.00 to each of the three children.

The terms of the agreement were read into the record at a property settlement hearing on November 4, 1991. The Court directed the parties to reduce the terms of the agreement to writing, and informed both parties that they would be directed to carry it out after the parties signed it and presented it to the

2

Court. At the close of the property settlement hearing, the court stated:

> There's liable to be something you haven't thought of maybe that hasn't been mentioned here today or may come up in the future. . . . you can return to court if need be and file a petition and the Court would hear it if necessary.

On January 7, 1992, the parties returned to Court for a further hearing after Patrick refused to sign the agreement because of the aforementioned inheritance provision. He testified that he misunderstood the stipulation. He thought it required him to provide for his children in his will only until the children were eighteen. This was based on his understanding that the court had no jurisdiction after the children reached adulthood. Moreover, he intended to leave only half of the <u>ranch</u> not half of his <u>estate</u>. Patrick intended the inheritance provision to substitute for a life insurance policy in order to provide funding for the children's college education.

Anne contends that the District Court cannot alter the agreement without finding unconscionability pursuant to § 40-4-201, MCA. Next, she argues that the Court cannot modify the agreement under ordinary principles of contract law. Finally, Anne contends that public policy requires that separation agreements should be upheld by the courts.

All three arguments ignore the fact that the agreement was never signed. All separation agreements, to be binding, must be in writing and executed by the parties before they are enforceable. §§ 40-2-303, -312, and 40-4-201, MCA.

3

Therefore, we conclude that the District Court did not abuse its discretion when it modified that portion of the oral settlement agreement which pertained to Patrick's estate. The trial judge held Patrick to the stipulation by requiring him to leave one-half of his current estate to the children at the time of his death, not one-half of the ranch as he requested. The only modification is that Patrick is required to leave one-half of his current estate, not his future estate.

This modification takes into account Anne's intent that one-half of what she built with Patrick during their marriage be passed on to the children. Anne argues that she compromised her claim against the ranch in exchange for the provision for the children's inheritance. The Court's order guarantees that the children will receive at least one-half of the current estate. In essence, the children will receive Anne's half of the current marital estate upon Patrick's death.

We hold that the District Court did not abuse its discretion when it settled a dispute regarding the inheritance provision of an unsigned separation agreement which was orally stipulated to in court.

However, we find no evidence in the record upon which to base the District Court's finding that Patrick's estate has an approximate value of $150,000. Therefore, we reverse that part of the District Court's judgment which provides that Patrick is to leave each child at least $25,000 and remand for further

4

evidentiary proceedings so that evidence can be offered regarding the value of Patrick's estate.

Following that hearing, judgment should be entered consistent with the evidence and this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices